U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 4 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FALECIA V. BROWN,          §
                           §
          Plaintiff,       §
                           §
VS.                        §    NO. 4:14-CV-968-A
                           §
U.S. AIRWAYS, ET AL.,      §
                           §
          Defendants.      §

## MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the motion of defendants, American Airlines ("American"), US Airways, Deborah Simmons ("Simmons"), Rhonda Ator ("Ator"), Leigh Boggs ("Boggs"), and Chris Abbey ("Abbey"), to dismiss plaintiff's complaint for failure to state a claim against any defendant on which relief may be granted. After having considered such motion, the complaint of plaintiff, Falecia V. Brown, and pertinent legal authorities, the court has concluded that such motion should be granted and that all claims asserted by plaintiff against defendants should be dismissed.

I.

## Standards to Be Used in Evaluating
Merit of Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests,"
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted).  Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action.  Twombly, 550 U.S. at 555 & n.3.  Thus, while a court
must accept all of the factual allegations in the complaint as
true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings.  See Ashcroft v. Iqbal,
556 U.S. 662, 669 (2009) ("While legal conclusions can provide
the framework of a complaint, they must be supported by factual
allegations.").

     Moreover, to survive a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the facts pleaded must allow
the court to infer that the plaintiff's right to relief is
plausible.  Id.  To allege a plausible right to relief, the facts
pleaded must suggest liability; allegations that are merely
consistent with unlawful conduct are insufficient.  Twombly, 550
U.S. at 566-69.  "Determining whether a complaint states a
plausible claim for relief . . . [is] a context-specific task

                                    2

that requires the reviewing court to draw on its judicial
experience and common sense."  Iqbal, 556 U.S. at 679.

II.

### Nature of Plaintiff's Complaint

Plaintiff alleged that she and a co-worker, apparently both
employees of American, reported their concerns to Corporate
Security about travel abuses by management.  They were told by
Corporate Security that an investigation would be conducted.
Plaintiff had the impression that the information they provided
to Corporate Security would be held confidential.  Sometime after
the report was made to Corporate Security, plaintiff was advised
that no management travel abuse had been found.

American's Human Resources began an investigation into
plaintiff's access to management travel records.  Following that
investigation, American determined that plaintiff had used the
company's information system to gain access to employee travel
information in violation of American's policies.  Plaintiff was
given a choice of (1) accepting a written counseling action
(Letter of Commitment), (2) resigning and accepting severance
benefits, or (3) being terminated with the option to file a
grievance.  Plaintiff did not agree with the results of the
investigation into her activities.  Therefore, she elected to
terminate her employment and to file a grievance.

3

While plaintiff's complaint is excessively wordy, the court believes the foregoing description is a fair summary of the facts that form the bases of plaintiff's alleged causes of action.

While plaintiff makes reference in her complaint to sections 1981, 1985, and 1988 of Title 42 of the United States Code, when she describes her three causes of action she makes no reference to any of those sections, but indicates that all her causes of action are being brought under Title VII. At the end of the lengthy "Background" section of her complaint, Compl. at 3-16,[1] plaintiff states that "I submit a Petition for Wrongful Termination, Retaliation, and Discrimination under Title VII of the Civil Rights Act," id. at 16, ¶ 57.

Under the heading "Cause of Action," plaintiff alleges three causes of action designated as Count One, Count Two, and Count Three. Id. at 16-22, ¶¶ 58-87.

Plaintiff's allegations under the heading "Count One" appear to be attempts to allege a claim under Title VII for wrongful termination of her employment based on the facts summarized above. Count Two again seems to be a complaint of employment

---

[1]Plaintiff's complaint actually consists of two documents, a one-page cover document titled "Complaint" and a twenty-five page attached document titled "Complaint for Wrongful Termination, Retaliation, and Discrimination in Violation of the Civil Rights Act Under U.S.C. 42 Title VII by Jury," to which items are attached as an appendix. When the reference "Complaint at ___" is used in this memorandum opinion and order it refers to the twenty-five page document by page and paragraph numbers in that document.

4

discrimination under Title VII based on those same facts.  Id. at 19, ¶ 72.  Count Three seems to include a claim under Title VII for retaliation, again based on the same set of facts.

Simmons, Ator, and Boggs are mentioned in Count One as having devised a method by which plaintiff was forcefully terminated and had to file a grievance to remain employed with American.  Id. at 17, ¶ 61.  Ator and Boggs are mentioned in Count Two as having conducted an investigation into plaintiff's employment history and conduct to find out if plaintiff wrongfully accessed information.  Id. at 18, ¶ 69.  They also were mentioned as having conducted an investigation against another person, a white female, who had communicated a threat against management and was allowed to retain her employment, thus causing the white female to be treated differently than plaintiff, a non-white, was treated.  Id. at 19, ¶¶ 73-74. Simmons was mentioned in paragraph 71 as having failed to protect plaintiff's name or employment from adverse actions after American had invoked the Code of Confidentiality.  Id. at 18-19, ¶ 71.

Count Three appears to be an attempt by plaintiff to allege retaliation in violation of Title VII.  Her complaint in that Count is that she had a right to expect that her employment was safe under a Code of Confidentiality provided by her employer,

and the representation of her employer's agents that she would be protected from retaliatory action and adverse conditions. Notwithstanding those assurances, Ator and Boggs engaged in wrongful actions that affected plaintiff's employment with American and impacted plaintiff's future employment with US Airways.  Id. at 20, ¶¶ 80-81.  In Count Three, plaintiff mentions Abbey, as having denied plaintiff a proper grievance procedure that allowed the false statement and tortious conduct she described in the background section of her complaint to go unchecked, to plaintiff's harm.

III.

Grounds of Defendants' Motion to Dismiss

As has the court, defendants interpreted plaintiff's alleged causes of action to be predicated on Title VII.  The grounds of the motion are as follows:

(1)  The claims against the individual defendants should be dismissed because individuals cannot be held liable under Title VII as a matter of law.

(2)  Plaintiff's Title VII wrongful termination claim should be dismissed because no such cause of action exists.

(3)  Plaintiff's Title VII discrimination claim should be dismissed because plaintiff does not allege an adverse employment action.

6

(4)   Plaintiff's Title VII retaliation claim should be dismissed because plaintiff does not allege that she engaged in protected activity.

(5)   Plaintiff's complaint fails to allege sufficient facts to state any cause of action against any defendant.

IV.

**Plaintiff Has Failed to Allege Facts Giving Rise
to Any Plausible Claim for Relief Under Title VII**

While each of the grounds of defendants' motion appears to have merit, the court does not need to discuss any of them in detail.  A review of plaintiff's complaint discloses that she has a misconception of the purpose and role of Title VII.

While plaintiff mentions that she is an African-American female, Compl. at 3, ¶ 1, and that a white female was treated differently from plaintiff when the white female had communicated a threat against management, plaintiff has pleaded no facts from which the court could conclude that any action was taken against plaintiff because of her race or because of any conduct protected by 42 U.S.C. § 2000e-3.  No facts are alleged that would lead to the conclusion that non-termination of the white female employee has relevance.

Plaintiff may or may not have a legitimate complaint against American or its employees for putting her in a position where she

chose to elect to terminate her employment and to file a grievance against American, which is basically what plaintiff complains.  However, conduct of that kind simply is not within the scope of Title VII.  No facts are alleged by plaintiff that would allow this court to infer that plaintiff has any plausible right of relief against any defendant.  Therefore, her claims are to be dismissed.

V.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted in the above-captioned action by plaintiff against defendants be, and are hereby, dismissed.

SIGNED February 4, 2015.

JOHN McBRYDE
United States District Judge